**C.E. MIDDLEBROOKS, Plaintiff,**

v.

**CITY OF EUSTIS, Florida, Defendant.**

**No. 82–151–Civ–Oc.**

United States District Court,
M.D. Florida,
Ocala Division.

April 15, 1983.

Laurence J. Pino, Orlando, Fla., for plaintiff.

Andrew G. Pattillo, Jr., Russell W. La-Peer, Ocala, Fla., Robert E. Austin, Jr., Leesburg, Fla., for defendant.

## ORDER

CHARLES R. SCOTT, Senior District Judge.

This matter is before the Court upon defendant's motion to dismiss. Plaintiff has filed a memorandum in opposition to which defendant has replied.

■ Defendant first contends that Count I of the complaint fails to state a restraint of trade claim under Section 1 of the Sherman Act because plaintiff has failed to allege the essential elements of such an action. The elements of an action under Section 1 of the Sherman Act are as follows:

(1) Joint action, in the form of a contract, combination, or conspiracy, by two or more distinct and independent entities or persons.

(2) Resultant, unreasonable restraint of interstate trade or commerce.

(3) Actual damage caused by the unreasonable anti-competitive restraint of trade.

15 U.S.C. § 1; *Spectrofuge Corp. v. Beckman Instruments, Inc.,* 575 F.2d 256 (5th

Cir.1978), *cert. denied,* 440 U.S. 939, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979). Plaintiff concedes that the complaint fails to allege any joint action between defendant and another entity or person resulting in an unreasonable restraint of interstate trade or commerce. Consequently, it is clear that Count I fails to state a claim under Section 1 of the Sherman Act.

■ Defendant also contends that Count I fails to allege the elements of a monopolizing trade claim under Section 2 of the Sherman Act. The elements of a Section 2 claim are as follows:

(1) A specific intent to monopolize;

(2) predatory or anti-competitive conduct in an effort to further the specific intent; and

(3) a dangerous probability of success in the relevant market.

15 U.S.C. § 2; *Lektro-Vend Corp. v. Vendo Co.,* 660 F.2d 255 (7th Cir.1981); *Spectrofuge Corp. v. Beckman Instruments, Inc., supra.* In response, plaintiff asserts that specific intent and dangerous probability of success are elements of proof and not elements that are required to be pled to state a cause of action. However, as defendant correctly notes, each essential element of a claim must be alleged in the complaint to state a cause of action. Consequently, it is not sufficient, as plaintiff appears to assert, to merely set forth by way of general allegations that defendant has committed a violation of the Sherman Act without addressing the elements of such an action.

■ Although the complaint states various methods used by defendant to enable defendant to reduce its rates and become more competitive, plaintiff has failed to allege any predatory or anti-competitive conduct by defendant which would support an inference of specific intent to monopolize. Moreover, the complaint fails to allege facts that would support a finding that a dangerous probability of success in monopolizing the relevant market exists. Accordingly, the Court concludes that plaintiff has failed to state a cause of action under Section 2 of the Sherman Act.

■ Plaintiff's other claims in Counts II through IV are based upon pendent jurisdiction. Because plaintiff has failed to present a genuine, substantial federal claim, plaintiff's pendent state law claims must be dismissed for lack of jurisdiction. *United States Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Jackson v. Stinchcomb,* 635 F.2d 462 (5th Cir. 1981).

Accordingly, it is

ORDERED:

1. Defendant's motion to dismiss is hereby granted.

2. This case is hereby dismissed without prejudice.